**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MID-ARK ROOFING, INC.                                                                                          PLAINTIFF

v.                                                NO. 4:05CV00820 JLH

EMPLOYERS MUTUAL CASUALTY COMPANY                                              DEFENDANT

**ORDER**

Mid-Ark Roofing, Inc., has filed an objection to the defendant's demand for a jury trial and requests that the Court strike that request. Rule 38(b) of the Federal Rules of Civil Procedure provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be endorsed upon a pleading of the party.

Rule 38(d) provides, "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."

Mid-Ark Roofing, Inc., commenced this action by filing a complaint in the Circuit Court of Pulaski County, Arkansas, on April 20, 2005. Employers Mutual Casualty Company removed the action to this Court on May 27, 2005, and filed an answer on May 31, 2005. Neither party requested a jury trial. On September 14, 2005, the Court entered a Final Scheduling Order scheduling the case for bench trial on March 27, 2006.

With leave of Court, Employers Mutual Casualty Company filed an amended answer on January 4, 2006. That amended answer did not request a jury trial. Thereafter, the case was continued. On October 27, 2006, the Court entered an Amended Final Scheduling Order scheduling the case for bench trial during the week of May 14, 2007.

On February 9, 2007, with leave of Court, Mid-Ark Roofing, Inc., filed an amended complaint. Employers Mutual Casualty Company filed its amended answer on February 20, 2007. That amended answer included a request for a jury trial. This was the first request for jury trial made by any party in this case. Mid-Ark Roofing, Inc., has objected to the request for jury trial as untimely.

Wright and Miller have explained:

> Demand may be made within ten days after service of the amended or supplemental pleading for new issues raised by that pleading. . . . On the other hand, the amendment does not revive a right to jury trial previously waived on the issues already framed by the original pleadings. Thus, if the amended or supplemental pleading does raise a new issue, but merely changes the theory of the case or the relief requested, then a jury trial right waived by failure to demand in connection with the original pleading is not revived. Moreover, a late demand does not create a right to jury trial on issues raised by the amended or supplemental pleadings if those issues were raised fairly by the original pleadings, nor would a consolidation of the action with one in which a jury was available.

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 2320 (1995).

Here, neither the amended complaint filed on February 9, 2007, nor the amended answer filed on February 20, 2007, raised new issues. Neither party made a demand for trial by jury within the time required by Rule 38(b). Therefore, the right to trial by jury was waived pursuant to Rule 38(d). The amended complaint and amended answer do not revive the right to trial by jury.

Mid-Ark Roofing, Inc.'s motion to strike is GRANTED. Document #34. Employers Mutual Casualty Company's request for jury trial is stricken.

IT IS SO ORDERED this 28th day of February, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE