**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MID-ARK ROOFING, INC.                                                                                PLAINTIFF

v.                                                   NO. 4:05CV00820 JLH

EMPLOYERS MUTUAL CASUALTY COMPANY                                        DEFENDANT

## <u>OPINION AND ORDER</u>

This is a construction contract dispute.  Mid-Ark Roofing, Inc., a subcontractor, brought a claim against Employers Mutual Casualty Company for payment under a bond that Employers Mutual issued to Larich, Inc., a general contractor.  Mid-Ark has moved for partial summary judgment as to three issues relevant to its underlying contract with Larich.  For the following reasons, Mid-Ark's motion is granted in part and denied in part.

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis of its motion and identifying the portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 763 (8th Cir. 2003).  When the moving party has carried its burden under Rule 56(c), the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'"  *Matsushita Elec. Indus. Co. v.*

*Zenith Radio*, 475 U.S. 574, 587 (1985) (quoting FED. R. CIV. P. 56(e)).  The non-moving party sustains this burden by showing that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.  When a non-moving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.  In deciding a motion for summary judgment, the court must view the facts and inferences in the light most favorable to the party opposing summary judgment. *Boerner v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 841 (8th Cir. 2001) (citing *Rabuska v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997)).  If the evidence would allow a reasonable jury to return a verdict for the non-moving party, summary judgment should be denied. *Derickson v. Fidelity Life Assoc.*, 77 F.3d 263, 264 (8th Cir. 1996) (citing *Anderson*, 477 U.S. at 248).

## I.

Larich served as the general contractor on a construction project for the National Park Service.  This project involved the stabilization of six historic bathhouses located in Hot Springs, Arkansas.  Mid-Ark and Larich entered into a subcontract under which Mid-Ark was to furnish all necessary labor and materials for the roofing and sheet metal work.  Employers Mutual guaranteed payment for labor and materials provided on the project.

During the course of the construction project, Larich requested that Mid-Ark perform additional work, beyond the scope of its original subcontract, that required Mid-Ark to remove tiles from the roof of one of the bathhouses.  Mid-Ark performed this work.

These tiles were considered part of the "historic fabric" of the bathhouses and were to be

reused in the project.  Some of the tiles, however, were broken in the removal process.  Larich purchased a pallet of tile, which was the minimum quantity that could be purchased, to replace the broken tile.  Not all of this replacement tile was used.  The parties do not know the exact number of tiles that were broken by Mid-Ark, but the defendant admits that the cost to Larich for the replacement tiles would have been the same regardless of how many tiles Mid-Ark broke because the minimum amount of tile that Larich could purchase from the supplier was a pallet.

Larich acknowledged that a percentage of tile always break when removed and that there was an allotment in Larich's initial bid to the National Park Service that covered the expense of replacing tile broken in the ordinary course of performing such work.  Larich nevertheless charged the cost of the replacement tile to Mid-Ark.

Mid-Ark asserts that Larich breached the subcontract through repeated failures to timely pay Mid-Ark for its work.  Employers Mutual contends that Mid-Ark breached the subcontract by providing substandard workmanship and by failing to complete its work according to schedule.

The parties agree that $92,762.50 attributable to invoices submitted by Mid-Ark has been retained.  Employers Mutual contends, however, that it is entitled to deduct various sums from this retainage, including $4,856.25 for damage to roof tiles; $1,944.02 for damage to shrubbery; $2,800 for damage to copper flashings; and attorneys' fees in excess of $40,000 incurred in defending this lawsuit.[1]

The issues presented in this motion for summary judgment relate to whether Employers Mutual is entitled to deduct these sums under the terms of the subcontract.  Article IV, paragraph 9,

---

[1]  Larich also contends that it is entitled to deduct $400 for damage to plaster and $6,400 for a time extension fee.  These deductions are not at issue in this motion for summary judgment.

of the subcontract provides:

> In the event Subcontractor is in default of, or breaches or fails to comply with any provision, covenant or requirements of this Subcontract or the Subcontract Documents; or in the event any person asserts, or indicates it will assert, any lien, claim, demand, or charge against the project or land or improvements or funds related to the Project, or against the Owner, the Contractor or any surety, arising from Subcontractor's performance of this Subcontract, the Contractor may, at its option, withhold out of any payments due or to become due to the Subcontractor such amounts as the Contractor may deem sufficient to protect and indemnify the Contractor . . . from any and all loss, damage and/or expense therefrom, including attorneys' fees and litigation costs, until the condition requiring such measures has been remedied by the Subcontractor to the satisfaction of the Contractor. . . . .

Article III, paragraph 14(c), provides:

> That unresolved claims resulting from clean-up by the Contractor, glass breakage, damage to finished surfaces, permanent fixtures or equipment, and such other related occurrences wherein the identity of the responsible party is unknown or undetermined, and for which no insurance settlement may be had, may, upon completion of the Project and at the Contractor's option, be fairly and equitably prorated for assessment to the Contractors account and/or to the accounts of those subcontractors who, in the determination of the Contractor, were engaged on the Work in a manner and at a time or times from which contributory involvement may reasonably be inferred. ~~and the Subcontractor further agrees that Contractor's decisions or determination in such proration shall be final and conclusive.~~

The last phrase of paragraph 14(c) was stricken as shown above, and representatives of both Larich and Mid-Ark initialed this alteration of the subcontract language.

## II.

Mid-Ark seeks summary judgment as to three issues.  First, Mid-Ark asserts that the defendant is not entitled to withhold attorneys' fees incurred in this litigation under the terms of the subcontract.  Second, Mid-Ark argues that the defendant has produced no evidence that Mid-Ark damaged the shrubbery or copper flashing.  Thus, Mid-Ark contends, it is entitled to judgment as a matter of law as to this issue.  Finally, Mid-Ark asserts that Larich was not entitled to charge the cost

4

of the replacement tile to Mid-Ark because Larich would have had to purchase a pallet of tile regardless of any breakage that Mid-Ark allegedly caused.

A.      **Attorneys' Fees**

When the language of a contract is unambiguous, its construction is a question of law for the court.  *Carver v. Allstate Ins. Co.*, 77 Ark. App. 296, 301, 76 S.W.3d 901, 904 (2002).  When the terms of a written contract are ambiguous, however, the meaning of the contract is a question of fact.  *Id.* at 300, 76 S.W.3d at 904.  "On motion for summary judgment, the court, viewing the evidence in the light most favorable to the nonmoving party, ascertains the plain and ordinary meaning of the language in the written instrument, and if there is any doubt about the meaning, there is an issue of fact to be litigated."  *Id.*  Thus, when the intent of the parties as to the meaning of the contract is in dispute, summary judgment is inappropriate.  *Id.*

The subcontract provides that the contractor, Larich, may withhold payments due to the subcontractor, Mid-Ark, if "any person" asserts a claim against Larich or "funds related to the Project . . . arising from [Mid-Ark's] performance of this Subcontract."  Mid-Ark has clearly asserted a claim for funds related to the project, but the parties dispute whether this claim arises from Mid-Ark's performance.  The subcontract does not specify whether or under what conditions a claim brought by Mid-Ark might constitute a claim arising from Mid-Ark's own performance.  Mid-Ark certainly did not file suit under the theory that it breached the subcontract.  Of course, the defendant asserts that Mid-Ark's claim for nonpayment arose from Mid-Ark's allegedly deficient performance because these alleged deficiencies caused Larich to withhold payment.  These factual issues are in dispute, however, as is the meaning of the subcontract language as applied to this situation.  Mid-Ark's motion for summary judgment as to this issue is therefore denied.

**B.**     **Damage to Shrubbery and Copper Flashing**

Mid-Ark argues that it is entitled to summary judgment as to the funds that Larich withheld for damage to shrubbery and copper flashing because Employers Mutual has not produced evidence establishing that Mid-Ark caused the damage.  Mid-Ark points out that Employers Mutual has produced no witnesses who saw Mid-Ark damage any shrubbery or copper flashing.  The subcontract, however, allows Larich to assess costs for "unresolved claims" for damage on the project to subcontractors who "were engaged on the Work in a manner and at a time or times from which contributory involvement may reasonably be inferred."  Employers Mutual thus contends that Larich is entitled to charge these costs to Mid-Ark based on "circumstantial evidence" that Mid-Ark caused the damage.

Phillip McDougal, Vice-President of Larich, testified in his deposition that Larich based its allocation of costs for shrubbery to Mid-Ark based on the facts that "Mid-Ark Roofing had a large extended boom forklift and a truck in the yard of these bathhouses[,]" and "they were the largest contractor, physical size and material and equipment inside there, and they did the most work in the yard."  He further testified that the copper flashing was notched around and fastened to the tile that Mid-Ark had removed, and that "it was damaged in a fashion that would show when the tile was lifted up it got bent."

The Court recognizes that Mid-Ark has presented evidence that it did not cause the damage in question.  To withstand Mid-Ark's motion for summary judgment, however, Employers Mutual need not conclusively prove that Mid-Ark caused the damage.  Employers Mutual need only produce evidence sufficient to create a genuine question of fact as to whether Mid-Ark was "engaged on the Work in a manner and at a time or times from which contributory involvement may reasonably be

inferred" under the terms of the subcontract.  McDougal's testimony satisfies this burden.  Mid-Ark's motion for summary judgment as to this issue is denied.

## C.     Replacement of Broken Tile

Mid-Ark's removal of tile from the roof of a bathhouse was not work performed within the scope of the subcontract.  Mid-Ark and Larich instead formed an oral agreement for this portion of the project.  The exact terms of this agreement are not clear from the record, except to the extent that Mid-Ark agreed to perform the labor in exchange for payment.  To establish Mid-Ark's liability for breach of this agreement, Employers Mutual must show that Mid-Ark caused Larich some type of damage, *i.e.*, that Larich had to expend resources that it would not have had to expend if Mid-Ark had properly performed.  *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 33 S.W.3d 128 (2000) ("A person may be liable for breach of contract if the complaining party can prove the existence of an agreement, breach of the agreement, and resulting damages.").

Even assuming for purposes of this motion for summary judgment that Mid-Ark did not properly remove the tile, resulting in excess breakage, the undisputed facts show that Larich suffered no damages.  The defendant admits that some tiles would normally be broken in the removal process, that Larich would have had to purchase a pallet of replacement tiles regardless of the number of tiles that Mid-Ark actually broke, and that Larich included the expense of replacing broken tile in its bid to the National Park Service.  While this expense may have been greater than Larich anticipated because the minimum quantity of tile available was a pallet, the additional expense represents an error on Larich's part in estimating its costs, not an expense caused by Mid-Ark's performance.

Employers Mutual is not entitled to deduct the cost of the replacement tile from any payments now due to Mid-Ark.  Mid-Ark is therefore entitled to judgment as a matter of law as to this issue.

**CONCLUSION**

Genuine issues of material fact exist as to whether Larich properly withheld funds under the subcontract for attorneys' fees and damage to shrubbery and copper flashing. Mid-Ark's motion for partial summary judgment is therefore denied as to these issues. The facts relevant to the cost of the replacement tile are not in dispute, however, and Mid-Ark's motion for partial summary judgment is granted to this issue. Document #37.

IT IS SO ORDERED this 2nd day of May, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE